CARL LEE RAGLAND AND WIFE, BEULAH P. RAGLAND, v. MARTIN
KELLOGG, JR., TRUSTEE, AND JAMES E. GARRETT AND WIFE,
MYRTLE B. GARRETT.

(Filed 25 February, 1959.)

APPEAL by defendants from order of *Morris, J., Resident Judge* of
the First Judicial District, heard August 23, 1958, by consent, in
Chambers at Currituck, North Carolina. From DARE.

Civil action to restrain foreclosure of deed of trust constituting lien
on plaintiff's land.

On June 9, 1958, Martin Kellogg, Trustee, advertised a foreclosure
sale on account of plaintiffs' failure to pay 1957 taxes. Plaintiffs paid
the 1957 taxes on June 16, 1958, and instituted this action on July 2,
1958. A temporary restraining order was issued July 3, 1958; and the
question before Judge Morris was whether the temporary restraining
order should be continued in effect until final hearing on the merits.

Upon the amended complaint, exhibits and affidavits, Judge Morris
found as facts "that there is probable cause that the plaintiffs will
be able to make out their case on final hearing and . . . that serious
questions of fact are raised to be passed on by a jury at the final
hearing." Thereupon, by his order of August 23, 1958, Judge Morris
continued in full force and effect the said temporary order and re-
strained further foreclosure proceedings until the final hearing and
determination of the cause.

Defendants excepted and appealed.

*McCown & McCown for plaintiffs, appellees.*
*Frank B. Aycock, Jr., for defendants, appellants.*

PER CURIAM. The only question now presented is whether the evi-
dence was sufficient to support Judge Morris' findings of fact and
interlocutory order. The record requires an affirmative answer.

It is noted that plaintiffs, as required by Judge Morris, filed a
$1,000.00 bond, affording protection to defendants in the event it is
determined on final hearing that the restraining order *pendente lite*

was improvidently entered and that defendants suffered damages on account thereof.

Whether defendants' demurrer to amended complaint was properly overruled is not presented. No petition for *certiorari* was filed. Rule 4(a), Rules of Practice in the Supreme Court, 242 N.C. 766. Even so, since plaintiffs' right to the restraining order *pendente lite* is based upon the facts alleged in their amended complaint, it may be implied that this Court is of opinion that defendants' said demurrer was properly overruled.

Affirmed.